## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ERIC MITMAN,**<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**TRACY MITMAN,** *et al.*,<br><br>　　　　Defendants. | Case No. 25–cv–14067–ESK–SAK<br><br><br>**OPINION AND ORDER** |

　　　　**THIS MATTER** having come before the Court on plaintiff's complaint (Complaint) (ECF No. 1); and plaintiff having filed a motion for temporary restraining order and for preliminary injunction (TRO Motion) (ECF No. 6); and defendant Tracy Mitman having filed a motion to dismiss (Dismissal Motion) (ECF No. 7); and the Court finding,

　　　　1.　　Courts have an obligation to assure itself of jurisdiction at all stages of a litigation. *Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995) (noting that "federal courts have an ever-present obligation to satisfy themselves of their subject-matter jurisdiction and to decide the issue *sua sponte*"). Thus, a court has the authority to *sua sponte* dismiss a case over which it lacks subject-matter jurisdiction at any time. Fed. R. Civ. P. 12(h)(3); *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012); *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003).

　　　　2.　　Federal claims lack subject-matter jurisdiction when the claim is "so insubstantial, implausible, foreclosed by prior decisions …, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Oneida Indian Nation of N.Y. v. County of Oneida,* 414 U.S. 661, 666 (1974)). Claims that "clearly appear[] to be immaterial and made solely for the purpose of obtaining jurisdiction" or are "wholly insubstantial and frivolous" should be dismissed. *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000) (quoting *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)). In other words, courts can dismiss claims for lack of subject-matter jurisdiction when the complaint is "completely devoid of merit" or "wholly insubstantial and frivolous." *Yoder v. Tompkins*, 671 F. App'x 27, 29 (3d Cir. 2016) (affirming dismissal of civil rights claim under 42 U.S.C. §1983 for lack of subject-matter

jurisdiction where the *pro se* plaintiff failed to allege facts sufficient to show the deprivation of a federal right or that the defendants were state actors).

3. This action arises from plaintiff's divorce from Tracy. (ECF No. 1 pp.1, 2.) Plaintiff argues that Tracy, Tracy's attorney, defendant Alice Cupaiolo, and certain family members "conspired to fabricate allegations, manipulate law enforcement and juridical process, and deprive [p]laintiff of his parental, reputational, and economic rights." (*Id.* p.2.) Plaintiff's 15-count complaint asserts one federal claim pursuant to 18 U.S.C. §1964(c). (*Id.* pp.29–32.) The remaining counts assert state-law claims. (*Id.* pp.32–55.)

4. 18 U.S.C. §1964(c) creates a civil cause of action for Racketeer Influenced and Corrupt Organizations Act (RICO) violations. To have standing under this statute, a plaintiff must be: (1) a person; (2) who suffered injury; (3) to his business or property; (4) by reason of defendants' RICO violations under 18 U.S.C. §1962. 18 U.S.C. §1964(c); *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496(1985). Plaintiff's lengthy complaint fails to establish defendants' RICO violations and how those violations proximately caused him injury. *See Anderson v. Ayling*, 297 F. Supp. 2d 805, 810 (E.D. Pa. 2003), *aff'd*, 396 F.3d 265 (3d Cir. 2005). Indeed, this is plaintiff's second attempt to draw this Court into a dispute relating to his matrimonial action before the Superior Court of New Jersey (Prior Case). *See Mitman v. Mitman*, No. 25–13820, 2025 WL 2146603 (D.N.J. July 29, 2025). The Prior Case, which asserted claims under 42 U.S.C. §1983 and §1985, was dismissed for being frivolous. *See id.*

5. In this case, plaintiff's sole federal claim is also frivolous. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) (noting that while a *pro se* plaintiff should generally be provided the opportunity to cure deficiencies in a complaint, this rule is inapplicable where granting an opportunity to amend would be futile); *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008) (noting that leave to amend must be granted in civil rights actions, "unless such an amendment would be inequitable or futile"). Recasting his perceived complaints relating to his matrimonial action before the Superior Court of New Jersey into a civil RICO claim in this Court does not convert his prior frivolous claims into a plausible federal claim. Accordingly, the civil RICO claim will be dismissed with prejudice.

6. I decline to exercise supplemental jurisdiction over the remaining claims. *See* 28 U.S.C. §1367(c)(3). "A federal court may decline to exercise supplemental jurisdiction over state law claims when it dismisses all claims over which it has original jurisdiction." *Doe v. Mercy Catholic Med. Ctr.*, 850 F.3d 545, 567 (3d Cir. 2017); *see Royal Canin U. S. A., Inc. v. Wullschleger*, 604

U.S. 22, 29–34, 44 (2025)(noting that because the "deletion of all federal claims deprived the [d]istrict [c]ourt of federal-question jurisdiction," once those claims were gone, "the court's supplemental jurisdiction over the state claims dissolved too"). "Where the federal claims are dismissed at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state claims." *McCarthy v. Equinox Holdings, Inc.,* No. 14–00037, 2015 WL 540218, at *4 (D.N.J. Feb. 9, 2015). None of these considerations warrant exercising jurisdiction over the remaining claims.

Accordingly,

**IT IS** on this   3rd day of **September 2025   ORDERED** that:

1.   Plaintiff's civil RICO claim is **DISMISSED** with prejudice. This action is **DISMISSED** for lack of subject matter jurisdiction.

2.   Plaintiff may reinstate the remaining claims in the appropriate state court within 30 days of entry of this order unless state law provides for a longer tolling period.   *See* 28 U.S.C. §1367(d).

3.   The TRO Motion (ECF No. 6) and Dismissal Motion (ECF No. 7) are **DENIED** as moot.

4.   The Clerk of the Court is directed to **close** this action and send a copy of this Order to plaintiff by regular mail.

　　　　　　　　　　　　　　　　　　*/s/ Edward S. Kiel*　　　　
　　　　　　　　　　　　　　　　　**EDWARD S. KIEL**
　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**